DERICK E. KONZ, ESQ., SB No. 286902
Email: dkonz@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA 95825
Telephone: (916) 564-6100
Telecopier: (916) 564-6263

Attorneys for Defendants CITY OF SACRAMENTO, DANIEL WILLIAMS, BAILEY FOSTER, KEVIN LUCAS and KRISTIN BEAL

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SABRINA CERVANTES,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SACRAMENTO, ET AL.,<br><br>Defendants. | Case No.: 2:26-CV-01343-TLN-SCR<br><br>**DEFENDANTS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendants CITY OF SACRAMENTO, DANIEL WILLIAMS, BAILEY FOSTER, KEVIN LUCAS, and KRISTIN BEAL ("Defendants") submit the following answer to Plaintiff's Complaint (ECF No. 1). Defendants generally deny all allegations except those specifically admitted. Each paragraph number in this answer corresponds to the paragraph number in the Complaint.

1. Admit that jurisdiction is proper.
2. Admit that jurisdiction is proper.
3. Admit that venue is proper.
4. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.
5. Admit.
6. Admit.

7. Admit.
8. Admit.
9. Admit.
10. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.
11. Admit that the Defendant Officers were acting in the course and scope of employment with the City of Sacramento. As to all other allegations, no response to a legal conclusion is required.
12. Admit that the Defendant Officers acted under color of law. Deny that Plaintiff's state or federal rights were violated.
13. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.
14. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.
15. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.
16. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.
17. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.
18. Admit that Officer Williams arrived at the scene of the accident at approximately 1:35 p.m. and was told that Plaintiff had driven one of the involved vehicles, but had left the scene to go to the hospital.
19. Deny.
20. Admit that the other driver was interviewed and investigated. Admit that Officer Williams and Officer Foster met at the Kaiser Hospital and interviewed Plaintiff. Admit that Plaintiff was asked questions about what happened during the accident. Admit that Plaintiff was standing during the interview. Defendants lack knowledge or

information sufficient to form a belief about the truth of the extent of the pain Plaintiff was experiencing at the time.

21. Admit that Officer Williams requested that Plaintiff submit to a nystagmus test (a standardized field sobriety test). Admit that Plaintiff asked whether the other driver was given a standardized field sobriety test. Admit that during Officer Williams' investigation of Plaintiff, he did not tell her how or the extent to which he investigated the other driver. Defendants lack knowledge or information sufficient to form a belief about the truth of whether Plaintiff was "troubled" by Officer Williams and Officer Foster's perceived motives and request that she submit to a nystagmus test. Admit that Plaintiff told the officers that she would not submit to any standardized field sobriety test before contacting her Senate counsel. Admit that the officers allowed her to do this. Admit that approximately 15 minutes later, after Plaintiff had been on the phone with someone, she was asked whether she had a chance to speak with Senate counsel and she advised that she was "still waiting to give her a call." Admit that at some point later in the investigation, Plaintiff advised that the hospital was eventually going to draw her blood and suggested that the officers view those results in lieu of a standardized field sobriety test or voluntary blood draw performed according to standard police department chain of custody procedure.

22. Admit that the officers declined Plaintiff's suggestion to use the hospital's test which had not been performed yet. Admit that the officers wanted to perform their own test. Defendants lack knowledge or information sufficient to form a belief about the truth of whether Plaintiff was suffering from a spine injury and was in pain.

23. Admit that after the initial interview of Plaintiff, Officer Foster spoke by phone to a person her referred to as "Sarg."

24. Admit that Officer Williams repeatedly requested that Plaintiff submit to a nystagmus test and Plaintiff refused. Admit that Plaintiff asked Officer Williams how the other driver was investigated. Admit that Officer Williams would not share that information with Plaintiff. Admit that Plaintiff advised that the hospital was eventually going to

draw her blood and suggested that the officers view those results in lieu of a standardized field sobriety test or voluntary blood draw performed according to standard police department chain of custody procedure.

25. Admit that approximately 30 minutes after the initial interview of Plaintiff, she again stepped away to make a phone call. Admit that during this call, Officer Foster spoke with somebody by phone and advised that Plaintiff was checking with counsel. Admit that at some point, while Plaintiff remained on the phone, Officer Foster said, "no matter what, we're writing a warrant." Admit that Officer Williams believed that Plaintiff had something in her system. The legal conclusions herein require no response.

26. Admit that Officer Lucas signed the warrant affidavit. Deny that false statements were made in the affidavit.

27. Deny.

28. Admit that Officer Williams informed Plaintiff that she would be cited for driving under the influence and that the citation was considered an arrest. Admit that over five hours after the accident, Plaintiff's blood was drawn. Admit that the report came back several days later and indicated Ethanol Result: None Detected, Drugs Confirmed: None. Admit that the District Attorney did not prosecute Plaintiff.

29. Deny.

30. Admit that Officer Williams completed a DS 367 form. Admit that the form was transmitted to the DMV. Deny that false statements were made.

31. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.

32. Deny.

33. Admit that Sgt. Beal did not activate her BWC.

34. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.

35. Admit.

36. Defendants incorporate all prior correspondence responses.
37. Deny.
38. Deny.
39. Admit that Officer Lucas did not state that he did not personally speak with or observe Plaintiff. Admit that he stated that Sacramento Police Officers did.
40. Deny.
41. Deny.
42. Deny.
43. Defendants incorporate all prior correspondence responses.
44. Deny.
45. Deny.
46. Defendants incorporate all prior correspondence responses.
47. This is a statement of law that requires no response.
48. Admit that Defendant Officers were acting under color of law.
49. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.
50. Deny.
51. Deny.
52. Deny.
53. Deny.
54. Deny.
55. Defendants incorporate all prior correspondence responses.
56. Admit that Defendant Officers were acting in the course and scope of employment and under color of law.
57. This is a statement of law that requires no response.
58. Deny.
59. Deny that false information was submitted.
60. Deny that false information was submitted. Defendants lack knowledge or information

sufficient to form a belief about the truth of the remaining allegations.

61. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.

62. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.

63. Deny that false information was submitted. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

64. Deny.

65. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.

66. Defendants incorporate all prior correspondence responses.

67. Deny.

68. Deny.

69. Deny.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

77. Defendants incorporate all prior correspondence responses.

78. Deny.

79. Deny.

80. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.

81. Deny.

82. Admit that Defendant Officers were acting in the course and scope of employment.

83. Deny.
84. Defendants incorporate all prior correspondence responses.
85. Deny.
86. Deny.
87. Deny.
88. Admit that Defendant Officers were acting in the course and scope of employment.
89. Deny.
90. Defendants incorporate all prior correspondence responses.
91. This is a statement of law that requires no response.
92. Admit that Defendant Officers were acting in the course and scope of employment.
93. Admit that Plaintiff was detained.
94. Deny.
95. Deny.
96. This is a statement of law that requires no response.
97. Admit that Plaintiff was detained.
98. Admit that Plaintiff was issued a citation that constituted an arrest and immediate release.
99. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.
100. Deny.
101. Deny.
102. Defendants incorporate all prior correspondence responses.
103. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.
104. Deny.
105. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.
106. This is a statement of law that requires no response.

**AFFIRMATIVE DEFENSES**

1. The Defendant Officers are entitled to qualified immunity over the federal claims because their conduct did not violate clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

2. Any and all events and happenings in connection with the allegations were legally caused and contributed to by the negligence or legal fault of persons other than Defendants; and if Plaintiff recovers any sum whatsoever herein, such amount must be reduced in proportion and to the extent that the negligence, wrongdoing or other conduct of others legally caused and/or contributed to Plaintiff's claimed injuries and damages, and if there is a verdict in favor of said Plaintiff against Defendants, the verdict should be in proportion to Defendants' pro rata responsibility.

3. Plaintiff failed to mitigate damages.

4. Plaintiff assumed the risk through her own conduct.

5. Probable cause existed for Plaintiff's arrest.

6. Reasonable suspicion existed for Plaintiff's detention.

7. The responsibility of Defendants, if any, is based upon the principles expressed in California Civil Code section 1431.1 and the California Supreme Court decision in *American Motorcycle Association v. Superior Court* (1978) 20 Cal. 3d 578, 590 at footnote 2.

8. Pursuant to California Government Code section 820.2, Defendants are entitled to discretionary immunity.

9. Pursuant to California Government Code section 820.8, Defendants are not liable for an injury caused by the act or omission of another person.

10. Pursuant to California Government Code section 821.6, Defendants are not liable for any injury caused by recommending the filing of criminal charges.

11. If damages are awarded against Defendants, they are entitled to an offset for settlement money paid to Plaintiff by other defendants for the same injury.

12. Plaintiff fails to allege sufficient facts to support punitive damages against the Defendant Officers and punitive damages are not available against the City of Sacramento.

**PRAYER**

WHEREFORE, Defendants request the following relief:

1. That Plaintiff's Complaint be dismissed in its entirety without leave to amend and that Plaintiff takes nothing by way of the Complaint;

2. That Defendants be henceforth dismissed from this matter with prejudice;

3. That judgment be entered in favor of Defendants and against Plaintiff;

4. That Defendants be awarded attorney's fees and costs of suit incurred under and by virtue of the laws stated above; and

5. For such other and further relief as the Court deems just and proper.

Dated: June 23, 2026

ANGELO, KILDAY & KILDUFF, LLP

*/s/ Derick E. Konz*

By:______________________________

Derick E. Konz
Attorneys for Defendants CITY OF SACRAMENTO, DANIEL WILLIAMS, BAILEY FOSTER, KEVIN LUCAS and KRISTIN BEAL

**<u>DEMAND FOR JURY TRIAL</u>**

Defendants respectfully demand that all issues of fact be tried herein by and before a jury.

Dated: June 23, 2026

ANGELO, KILDAY & KILDUFF, LLP

*/s/ Derick E. Konz*

By:______________________________

Derick E. Konz
Attorneys for Defendants CITY OF SACRAMENTO, DANIEL WILLIAMS, BAILEY FOSTER, KEVIN LUCAS and KRISTIN BEAL